Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MARCOS RAMALES GARCIA (A.K.A. ANTONIO), *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

GA GRILL LLC (D/B/A GUACADO MEXICAN GRILL) and IMRAN CHATTHA,

*Defendants.*

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Marcos Ramales Garcia (a.k.a. Antonio) ("Plaintiff Ramales" or "Mr. Ramales"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against GA Grill LLC (d/b/a Guacado Mexican Grill) ("Defendant Corporation") and Imran Chattha ("Individual Defendant") (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Ramales is a former employee of Defendants GA Grill LLC (d/b/a Guacado Mexican Grill) and Imran Chattha.

2. Defendants own, operate, or control a Mexican restaurant, located at 3504 Broadway, New York, New York 10031, under the name "Guacado Mexican Grill."

3. Upon information and belief, Individual Defendant Imran Chattha serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Ramales was employed as a general assistant at the restaurant located at 3504 Broadway, New York, New York 10031.

5. At all times relevant to this Complaint, Plaintiff Ramales worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Ramales the required minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Ramales to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramales and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9. Plaintiff Ramales now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), the New York City Earned Safe and Sick Time Act, N.Y.C. Admin. Code § 20-911 et seq. (the "ESSTA"), and the "overtime wage order" of the New York

Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.4 (herein the "Hospitality Industry Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Ramales seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Ramales's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiff Ramales was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13. Plaintiff Marcos Ramales Garcia (a.k.a. Antonio) ("Plaintiff Ramales" or "Mr. Ramales") is an adult individual residing in New York County, New York.

14. Plaintiff Ramales was employed by Defendants at Guacado Mexican Grill from approximately May 2026 until on or about November 5, 2026.

15. Plaintiff Ramales consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants owned, operated, or controlled a Mexican restaurant, located at 3504 Broadway, New York, New York 10031, under the name "Guacado Mexican Grill."

17. Upon information and belief, GA Grill LLC (d/b/a Guacado Mexican Grill) is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 3504 Broadway, New York, New York 10031.

18. Defendant Imran Chattha is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Imran Chattha is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Imran Chattha possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Ramales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

19. Defendants operate a Mexican restaurant located in the Hamilton Heights section of Manhattan in New York City.

20. Upon information and belief, Defendants, together with their affiliated entities, also own, operate, or control other restaurants in New York City, including other restaurants operating under the name "Guacado Mexican Grill," and operate those restaurants together with the restaurant at 3504 Broadway as a single integrated enterprise under common ownership, management, and control.

21. Individual Defendant Imran Chattha possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff Ramales's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ramales, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff Ramales (and all similarly situated employees) and are Plaintiff Ramales's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 et seq. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff Ramales and/or similarly situated individuals.

26. Upon information and belief, Individual Defendant Imran Chattha operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things: (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate

and legally distinct entity; (b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records; (c) transferring assets and debts freely as between all Defendants; (d) operating Defendant Corporation for his own benefit as the sole or majority shareholder; (e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation; (f) intermingling assets and debts of his own with Defendant Corporation; (g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests; and (h) other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff Ramales's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Ramales, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Ramales's services.

28. In 2026, Defendants, both separately and jointly, and together with their affiliated restaurants, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis, such as food, beverages, and cleaning supplies, were produced outside the State of New York.

*Individual Plaintiff*

30. Plaintiff Ramales is a former employee of Defendants who was employed as a general assistant.

31. Plaintiff Ramales seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Marcos Ramales Garcia*

32. Plaintiff Ramales was employed by Defendants from approximately May 2026 until on or about November 5, 2026.

33. Defendants employed Plaintiff Ramales as a general assistant.

34. Plaintiff Ramales regularly handled goods in interstate commerce, such as food, beverages, and cleaning supplies produced outside the State of New York.

35. Plaintiff Ramales's work duties required neither discretion nor independent judgment.

36. Throughout his employment with Defendants, Plaintiff Ramales regularly worked in excess of 40 hours per week.

37. From approximately May 2026 until on or about November 5, 2026, Plaintiff Ramales worked from approximately 11:00 a.m. until on or about 7:00 p.m., Mondays through Sundays (typically 56 hours per week).

38. In addition, approximately twice a month, Plaintiff Ramales was required to work one to two hours beyond his scheduled shift.

39. Although Plaintiff Ramales was given a 30-minute lunch break each day, every day, after approximately ten minutes, Defendants interrupted his lunch break and required him to return to work. As a result, Plaintiff Ramales was never able to take an uninterrupted meal break and was never completely relieved from duty during his meal period.

40. On approximately ten occasions during his employment, Plaintiff Ramales was absent from work to attend medical appointments, and Defendants did not pay him for that time.

41. Defendants did not provide Plaintiff Ramales with any paid safe and sick time, did not inform him of his right to safe and sick time, and did not provide him with a written notice of his rights under the ESSTA or any statement of the amount of safe and sick time he had accrued and used.

42. Throughout his employment, Defendants paid Plaintiff Ramales his wages in cash.

43. From approximately May 2026 until on or about November 5, 2026, Defendants paid Plaintiff Ramales a fixed rate of $15.00 per hour for all hours worked, including the hours he worked in excess of 40 hours per week.

44. Plaintiff Ramales's hourly rate of $15.00 was below the applicable New York minimum wage of $17.00 per hour.

45. Defendants never paid Plaintiff Ramales an overtime premium of one and one-half times his regular rate of pay for any of the hours he worked in excess of 40 hours per week.

46. Defendant Imran Chattha hired Plaintiff Ramales and set his work schedule.

47. Plaintiff Ramales was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ramales regarding overtime and wages under the FLSA and NYLL.

49. Defendants did not provide Plaintiff Ramales an accurate statement of wages, as required by NYLL 195(3).

50. Defendants did not give any notice to Plaintiff Ramales, in English and in Spanish (Plaintiff Ramales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

51. As a result of Defendants' failure to provide Plaintiff Ramales with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Ramales (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

53. Plaintiff Ramales was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, inter alia, not paying him the minimum wage and overtime compensation he was owed for the hours he worked.

54. Defendants' pay practices resulted in Plaintiff Ramales being paid less than the required minimum wage rate and not receiving any overtime premium for the hours he worked in excess of 40 per week.

55. Defendants habitually required Plaintiff Ramales to work additional hours beyond his regular shifts but did not provide him with any additional compensation at the overtime rate.

56. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

57. Defendants paid Plaintiff Ramales his wages in cash.

58. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ramales and other similarly situated former workers.

61. Defendants failed to provide Plaintiff Ramales and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

62. Defendants failed to provide Plaintiff Ramales and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

63. As a result of Defendants' failure to provide Plaintiff Ramales and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

64. Plaintiff Ramales brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65. At all relevant times, Plaintiff Ramales and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

66. The claims of Plaintiff Ramales stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

67. Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Ramales's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Ramales (and the FLSA Class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r)-(s).

71. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Ramales (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72. Defendants' failure to pay Plaintiff Ramales (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Ramales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

74. Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

75. At all times relevant to this action, Defendants were Plaintiff Ramales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Ramales, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

76. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Ramales less than the minimum wage.

77. Defendants' failure to pay Plaintiff Ramales the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

78. Plaintiff Ramales was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

79. Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

80. Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ramales overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81. Defendants' failure to pay Plaintiff Ramales overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

82. Plaintiff Ramales was damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

83. Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants failed to provide Plaintiff Ramales with a written notice, in English and in Spanish (Plaintiff Ramales's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

85. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Ramales, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

86. Defendants are liable to Plaintiff Ramales in the amount of $5,000, together with costs and attorneys' fees.

**<u>FIFTH CAUSE OF ACTION</u>**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

87. Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

88. With each payment of wages, Defendants failed to provide Plaintiff Ramales with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

89. As a result of Defendants' failure to furnish accurate statements to Plaintiff Ramales, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

90. Defendants are liable to Plaintiff Ramales in the amount of $5,000, together with costs and attorneys' fees.

**<u>SIXTH CAUSE OF ACTION</u>**

**VIOLATION OF THE NEW YORK CITY EARNED SAFE AND SICK TIME ACT**

91. Plaintiff Ramales repeats and realleges all paragraphs above as though fully set forth herein.

92. At all relevant times, Plaintiff Ramales was an "employee," and Defendants were an "employer," within the meaning of N.Y.C. Admin. Code § 20-912. Plaintiff Ramales worked for Defendants in New York City for more than 80 hours in a calendar year, and Defendants employed five or more employees.

93. Under the ESSTA, Defendants were required to provide Plaintiff Ramales with at least one hour of paid safe and sick time for every thirty hours he worked, up to forty hours per calendar year, and to permit him to use that time for his own medical care, including medical appointments.

94. Defendants violated the ESSTA, N.Y.C. Admin. Code § 20-911 et seq., by failing to provide Plaintiff Ramales with paid safe and sick time, failing to pay him for the time he was absent from work to attend medical appointments, and failing to provide him with the written notice of rights and the accrual and use information the ESSTA requires.

95. Pursuant to N.Y.C. Admin. Code § 20-924.1, Plaintiff Ramales is entitled to all relief available under N.Y.C. Admin. Code § 20-924, including damages for each instance of safe and sick time taken but unlawfully not compensated, compensatory damages, declaratory and injunctive relief, and attorneys' fees and costs.

96. Plaintiff Ramales was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ramales respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them

of the pendency of this action, and permitting them to promptly file consents to be plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ramales and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ramales's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Ramales and the FLSA Class members;

(e) Awarding Plaintiff Ramales and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Ramales and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramales;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ramales;

(i) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ramales's compensation, hours, wages and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Ramales;

(k) Awarding Plaintiff Ramales damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as applicable;

(l) Awarding Plaintiff Ramales damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(m) Awarding Plaintiff Ramales liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL §§ 198(1-a) and 663 as applicable;

(n) Declaring that Defendants violated the New York City Earned Safe and Sick Time Act as to Plaintiff Ramales;

(o) Awarding Plaintiff Ramales all relief available under N.Y.C. Admin. Code §§ 20-924 and 20-924.1, including damages for each instance of safe and sick time taken but unlawfully not compensated;

(p) Awarding Plaintiff Ramales and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Ramales and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Ramales demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 17, 2026

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: */s/ Michael Faillace*
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**Michael Faillace & Associates, P.C.**

*Employment and Litigation Attorneys*

60 E. 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

**BY HAND**

TO: Clerk of Court

**CONSENT TO BECOME A PARTY PLAINTIFF**
**CONSENTIMIENTO PARA SER PARTE DEMANDANTE**

I hereby consent to join this lawsuit as a party plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b), to recover unpaid wages from Guacado Mexican Grill and any related entities and individuals, and I authorize Michael Faillace & Associates, P.C. to represent me in this action.

**(Yo, por medio de este documento, doy mi consentimiento para formar parte de esta demanda como uno de los demandantes, conforme a la Ley de Normas Justas de Trabajo (Fair Labor Standards Act), 29 U.S.C. § 216(b), para recuperar salarios no pagados de Guacado Mexican Grill y de las entidades y personas relacionadas, y autorizo a Michael Faillace & Associates, P.C. a representarme en esta acción.)**

| | |
|---|---|
| **Name / Nombre:** | Marcos Ramales Garcia<br>3504 Broadway, New York, NY 10031 |
| **Signature / Firma:** | marcos Ramales |
| **Legal Representative / Abogado:** | Michael Faillace & Associates, P.C. |
| **Date / Fecha:** | November 13, 2026 |